Voto disidente emitido por el
Juez Asociado Señor Rivera García, al que se une la Jueza Asociada Señora Pabón Charneco.
Principios elementales de orden procesal me obligan a disentir respetuosamente de la determinación de este Tribunal que hoy declara “sin lugar” una Urgente Solicitud de Reconsideración presentada por la Procuradora General. En su moción de reconsideración, la Procuradora General nos solicita que reconsideremos una Resolución emitida en este caso el pasado 9 de octubre de 2015, mediante la cual se ordenó la excarcelación del Sr. Javier Torres Cruz, parte recurrida ante este Foro, sin que todavía se haya atendido en los méritos la petición de certiorari que pende ante nuestra consideración.
Como dice el refrán popular, “hemos puesto la carreta delante de los bueyes”; es decir, hemos otorgado un remedio legal drástico que prácticamente adjudica la controversia de este caso —la excarcelación de un reo contra quien pesa una sentencia condenatoria final y firme— cuando todavía siquiera ha transcurrido el término de 15 días que otorgamos a las partes para que se expresen sobre los mé *962 ritos del auto de certiorari que expedimos. Me preocupa profundamente que, en términos procesales, esta Curia conceda livianamente y sin mayor rigor analítico una or-den de excarcelación sin que todas las partes hayan comparecido a presentar su postura y sin el beneficio de un debate colegiado. Por los fundamentos que explico a continuación, declararía “con lugar” la solicitud de la Procuradora General.
I
El 28 de septiembre de 2015, el Tribunal de Apelaciones emitió una Sentencia en este caso, en la cual concluyó que procedía la aplicación del principio de favorabilidad que regula el Art. 4 del Código Penal de 2012 (33 LPRA see. 5004), en cuanto a las enmiendas introducidas por la Ley Núm. 246-2014 a ese cuerpo normativo. En particular, concluyó el foro apelativo intermedio que procedía modificar la Sentencia condenatoria que pesa contra el recurrido, ya que la Ley Núm. 246-2014 redujo la pena de reclusión del delito de escalamiento —Art. 194 del Código Penal, 33 LPRA see. 5264— de cuatro años a seis meses. Cónsono con lo anterior, se ordenó al Pueblo de Puerto Rico que certificara al Foro Primario en cinco días el tiempo de reclusión cumplido por el recurrido al 28 de septiembre de 2015. De esa forma, si excedía de seis meses, procedía la excarcelación del recurrido.
En desacuerdo, el 5 de octubre de 2015, la Procuradora General acudió ante este Tribunal mediante una Petición de Certiorari y una Urgente Moción en Auxilio de Jurisdicción, en la que adujo que procedía revocar la determinación del Tribunal de Apelaciones ya que, a su modo de ver las cosas, no aplica a este caso el principio de favorabilidad. El 6 de octubre de 2015 este Foro emitió una Resolución en que concedió un término simultáneo de 15 días a las partes para *963 que se expresaran sobre los méritos de la Petición de Certiorari. Este término vence el 21 de octubre de 2015. Además, en la aludida Resolución declaramos “sin lugar” la moción en auxilio de jurisdicción y ordenamos a la Oficina de la Procuradora General que presentara una certificación del tiempo en reclusión cumplido por el señor Torres Cruz.
El 9 de octubre de 2015, la Procuradora General nos certificó que el recurrido ha cumplido dos años, siete meses y veintidós días de reclusión. En la tarde de ese mismo día, este Tribunal expidió el auto de certiorari y ordenó incondicionalmente la excarcelación del recurrido.(1)
El 13 de octubre de 2015, la Procuradora General presentó una Urgente Solicitud de Reconsideración. En ella nos solicita que reconsideremos nuestro dictamen de 9 de octubre de 2015 con relación a la orden de excarcelación. En esencia, presenta los fundamentos siguientes: (1) la sentencia condenatoria que pesa sobre el recurrido es final y firme, por lo que vincula hasta que no se disponga lo contrario mediante un dictamen final y firme; (2) tras la excarcelación no existen garantías de que el recurrido comparezca a este Tribunal a cumplir con la Resolución notificada el 6 de octubre de 2015; (3) existe la posibilidad de que el recurrido se evada, ya que el auto de excarcelación fue incondicionado (no se impuso fianza o supervisión electrónica), y(2) (4) se obliga al Estado a litigar un asunto importante de derecho penal sustantivo sin garantías efectivas de que un dictamen favorable de este Tribunal logre que el recurrido extinga la sentencia condenatoria.
*964 II
Sin lugar a dudas en este caso existe una sentencia que impuso al recurrido una pena de cuatro años de prisión. Dicha sentencia, producto de una alegación preacordada, es final y firme, y al día de hoy no ha sido modificada expresamente por este Tribunal. Es decir, no hemos dilucidado específicamente si procede aplicar en este caso el principio de favorabilidad. No obstante, a pesar de que no hemos resuelto de forma expresa en los méritos el planteamiento del principio de favorabilidad, ya para todos los efectos prácticos determinamos que al recurrido le asiste la razón. Entonces, si ya una mayoría de este Tribunal está convencida de que procede aplicar el principio de favorabilidad, para qué concedimos un término de quince días a las partes para que se expresen sobre los méritos del recurso. ¿Por qué no resolvimos el caso prescindiendo de los términos reglamentarios, según lo permite la Regla 50 de nuestro Reglamento, 4 LPRA Ap. XXI-B? Tal como sostiene la Procuradora General, ¿por qué razón el Estado debe embarcarse en la redacción de una alegato para presentarlo ante esta Curia si ya ordenamos la excarcelación del recurrido al concluir tácitamente que pro-cede aplicar el principio de favorabilidad?
Por otro lado, el error en conceder la excarcelación se agrava ante el hecho de que se otorgó sin condiciones. Ello significa que, luego de emitida la orden de excarcelación, existe la posibilidad latente de que el recurrido abandone la jurisdicción de Puerto Rico y no cumpla con nuestra Resolución de 6 de octubre de 2015. Como mínimo, este Tribunal debe reconsiderar y condicionar la excarcelación del recurrido a que el Tribunal de Primera Instancia implemente medidas efectivas de seguridad que garanticen la comparecencia del recurrido, como puede ser la imposición de una fianza o el grillete electrónico como sugiere la Procuradora General.
*965 Bajo ningún concepto debe entenderse que este servidor está prejuzgando los méritos de la Petición de Certiorari de epígrafe. Ciertamente, nuestro ordenamiento jurídico provee herramientas a una persona convicta mediante una alegación de culpabilidad para que impugne su convicción colateralmente, por medio de procedimientos posteriores a la sentencia tales como la moción según la Regla 192.1 de Procedimiento Criminal, 34 LPRA Ap. II, o el recurso de hábeas corpus. Pueblo v. Román Mártir, 169 DPR 809, 822 (2007). Dicho de otro modo, la Regla 192.1 de Procedimiento Criminal, supra, permite que cualquier persona que se halle detenida luego de recaída una sentencia condenatoria, presente en cualquier momento una moción en la sede del Tribunal de Primera Instancia que dictó el fallo condenatorio para que su convicción se anule, se deje sin efecto o se corrija. Esto en circunstancias en que se alegue el derecho a ser puesto en libertad por cualquiera de los fundamentos siguientes:
(1) La sentencia fue impuesta en violación de la Constitución o las leyes del Estado Libre Asociado de Puerto Rico o la Constitución y las leyes de Estados Unidos; o
(2) el tribunal no tenía jurisdicción para imponer dicha sentencia; o
(3) la sentencia impuesta excede de la pena prescrita por la ley, o
(4) la sentencia está sujeta a ataque colateral por cualquier motivo [...] 34 LPRAAp. II, R. 191.2(a).
Sin embargo, es mi criterio que la expedición de la orden de excarcelación procedería luego de que las partes se ex-presen conforme con lo ordenado en la Resolución de 6 de octubre de 2015 y que esta Curia resuelva en los méritos que el principio de favorabilidad aplica en este caso. Reitero que es un precedente peligroso conceder un remedio que prácticamente adjudica la controversia del caso sin que las partes se hayan expresado y sin que la controversia se haya adjudicado en los méritos en este Tribunal colegiado.
*966 De acuerdo con las consideraciones expresadas, disiento de la Resolución que emite la mayoría de este Tribunal, en la que se niega a reconsiderar la Resolución emitida en autos el 9 de octubre de 2015 en lo que respecta a la excarcelación del recurrido. Por ello, reconsideraría y dejaría sin efecto la orden de excarcelación o, a lo sumo, la condicionaría a que el foro primario implemente medidas efectivas de seguridad que garanticen la comparecencia del recurrido.

 La Jueza Asociada Señora Pabón Charneco no intervino y el Juez Asociado suscribiente hubiese declarado “sin lugar” la excarcelación incondicional del recurrido.

 Incluso, el Estado trae a nuestra consideración que la Secretaría de este Tribunal ni siquiera cuenta con una dirección para enviarle las notificaciones al individuo que se representa por derecho propio.